UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN GLYNN,<br><br>                             Plaintiff,<br><br>- against -<br><br>SHAMROCK COMMUNICATIONS, INC.<br><br>                            Defendant. | Docket No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bryan Glynn ("Glynn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Shamrock Communications, Inc. ("Shamrock" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a cigar, owned and registered by Glynn, a professional photographer. Accordingly, Glynn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Pennsylvania.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Glynn is a professional photographer in the business of licensing his photographs for a fee with a place of business at 8401 Lagerfeld Drive, Land O'Lakes, Florida 34637.

6. Upon information and belief, Shamrock is a domestic business corporation duly organized and existing under the laws of the State of Pennsylvania, with a place of business at 149 Penn Avenue, Scranton, Pennsylvania 18503. Upon information and belief, Shamrock is registered with the Pennsylvania Department of State to do business in Pennsylvania. At all times material hereto, Shamrock has owned and operated a website at the URL: www.Rock107.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Glynn photographed a cigar (the "Photograph"). A true and correct copy of the Photograph are attached hereto as Exhibit A.

8. Glynn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VAu 1-271-409.

### B. Defendant's Infringing Activities

10. Shamrock ran article on the Website entitled *Have a Cigar with Brit Floyd!* See: http://rock107.com/have-a-cigar-with-brit-floyd/. The article featured the Photograph. A screenshot of the Photograph on the Website is attached hereto as Exhibit B.

11.     Shamrock did not license the Photograph from Plaintiff for its article, nor did Shamrock have Plaintiff's permission or consent to publish the Photograph on its Website.

### CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Shamrock infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Shamrock is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Shamrock have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Shamrock be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 7, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff Bryan Glynn*