# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN GLYNN, | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHAMROCK COMMUNICATIONS, INC. | : | |
| Defendant. | : | No.: 3:19-CV-1741 |

## JOINT CASE MANAGEMENT PLAN

The parties to this action, Bryan Glynn, by and through his attorney, Richard Liebowitz, Esq., and Shamrock Communications, Inc., by and through its attorney, J. Timothy Hinton, Jr., and Haggerty Hinton & Cosgrove LLP, file this Joint Case Management Plan.

**1.0  Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:

1.1.1  By plaintiff(s): Plaintiff anticipates amending the complaint to add The Scranton Times, L.P. as the correct Defendant. The Scranton Times, L.P. used Plaintiff's photograph without plaintiff's permission or authorization. Plaintiff asserts that the use was willful and a seeks statutory damages and attorney's fees.

1.1.2  By Defendants: Shamrock Communications, Inc. did not own or operate the website http://rock107.com. Defendant did not reproduce or display Plaintiff's photograph of a cigar nor does it know whether Plaintiff has a valid copyright of the photo at issue.

1.2   The facts the parties <u>dispute</u> are as follows:
(a) Whether Defendant used a photograph owned by Plaintiff.
(b) Whether Defendant used a photograph that Plaintiff has a valid copyright on.

<u>agree</u> upon are:  None.

1.3   The legal issues the parties <u>dispute</u> are as follows:  None.

<u>agree</u> upon are:

(a) Whether Defendant violated the Copyright Act, 17 U.S.C. § 101 et seq.
(b) Whether Defendant committed "willful infringement" of Plaintiff's photograph.
(c) Did Plaintiff suffer actual damages or lost profits due to Defendant's copyright infringement?
(d) What amount of statutory damages is Plaintiff entitled to?

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:  None.

1.5   Identify any named parties that have not yet been served:  None.

1.6   Identify any additional parties that:

Plaintiff(s) intends to join:  The Scranton Times, L.P.

Defendant(s) intend to join:  None.

1.7   Identify any additional claims that:

Plaintiff intends to add:  None.

Defendants intend to add:  None.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures

required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

        2.1.1  Disclosed by Plaintiff:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Bryan Glynn | Plaintiff |

Disclosed by Defendant:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| John Nicodem | Senior Marketing Consultant<br>Times-Shamrock<br>(Liability and Damages) |
| Mark Hoover | Marketing Director –<br>Times-Shamrock<br>(Liability and Damages) |
| J.J. Fadden | Owner of BigHouse Tobacco Outlet<br>(Liability and Damages) |
| Jefferson Palmer<br>(a.k.a Jefferson Ward) | General Manager of WZBA Radio Station in Baltimore, MD owned by Shamrock Communications, Inc.<br>(Liability and Damages) |
| James Lewandowski | CEO for Times-Shamrock<br>(Liability and Damages) |
| Terry Dietz | General Manager for NEPA Radio, Digital & Outdoor<br>(Liability and Damages) |

| | |
|---|---|
| Representative of Alec Bradley Cigar Distributions Inc. | To testify about any Licenses issued for images of its products and the cigar allegedly photographed by Plaintiff.<br>(Liability and Damages) |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>             <u>Moving Party</u>             <u>Anticipated Filing Date</u>

None.

**4.0       Discovery**

    4.1 Briefly describe any discovery that has been completed or is in progress:

<u>By Plaintiff(s):</u>  Plaintiff served Interrogatories and Requests for Production of Documents on November 4, 2019.

<u>By Defendant(s):</u>  Defendant's Requests for Production of Documents (Set I) was served on 10/31/2019.

    4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will depose a representative of Shamrock Communications, Inc.

Defendant will depose Plaintiff, a representative of the Alec Bradley Cigar Company and J.J Fadden.

    4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its

purpose or what kinds of information would be developed through it:

Defendant objects to Plaintiff's discovery requests for Defendant's net worth information and the revenue of Defendant at this stage.  This is punitive damage discovery which is premature.  Defendant also objects to Plaintiff's requests for Defendant to produce licenses or copyrights for all images it uses in its business.

      4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None, other than those stated in 4.3 above.

      4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

          4.5.1    depositions (excluding experts) to be taken by:

                Plaintiff(s): <u>10.</u>        Defendant(s): <u>10.</u>

          4.5.2  interrogatories to be served by:

                Plaintiff(s): <u>30.</u>        Defendant(s): <u>30.</u>

          4.5.3    document production requests to be served by:

                Plaintiff(s): <u>50.</u>        Defendant(s): <u>50.</u>

          4.5.4    requests for admission to be served by:

                Plaintiff(s): <u>20.</u>        Defendant(s): <u>20.</u>

    4.6    Discovery of Electronically Stored Information

    ☒    Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    ☐    Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0    Protective Order**

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    None at this time.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0    Scheduling**

    6.1    Final date for joining additional parties:

2/1/2020   Plaintiff(s)

2/1/2020   Defendant(s)

    6.2    Final date for amending pleadings:

3/1/2020   Plaintiff(s)

3/1/2020   Defendant(s)

    6.3    All fact discovery commenced in time to be completed by:

    6/1/2020

6.4   All potentially dispositive motions should be filed by: <u>9/1/2020.</u>

6.5   Reports from retained experts due:

<u>7/1/2020</u> Plaintiff

<u>8/1/2020</u> Defendants

6.6   Supplementations due: <u>N/A</u>

6.7   All expert discovery commenced in time to be completed by:

<u>10/1/2020</u>

6.8   This case may be appropriate for trial in approximately:

<u>   </u> 240 Days from the date of filing of the action in this court
<u> X </u> 365 Days from the date of filing of the action in this court
<u>   </u> Days from the date of filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

<u>11/2020</u> (month/year)

6.10 Suggested Date for Trial:

<u>1/2021</u> (month/year)

**7.0   Certification of Settlement Authority
(All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

<u>For Plaintiff</u>:

Name: Bryan Glynn
Title: Plaintiff
Address: 8401 Lagerfeld Drive, Land O' Lakes Florida 34637

<u>For Defendant</u>:

Name: James Lewandowski
Title: CEO
Address: 149 Penn Avenue, Scranton, PA 18503
Daytime Telephone: (570) 348-9100

**8.0 Alternative Dispute Resolution ("ADR")**

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure <u>mediation</u>

        Date ADR to be commenced <u>2/1/2020</u>
        Date ADR to be completed _____

    8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

 <u>X</u>  Y  <u> </u>  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings: n/a.

 <u>X</u>  Scranton/Wilkes-Barre
 <u>   </u>  Harrisburg

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None.

**11.0    Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: December 3, 2019        /s/Richard Liebowitz
                               Richard Liebowitz
                               Attorney(s) for Plaintiff(s)

                               ☒  ECF User(s)
                               ☐  Waiver Requested (as separate document)
                               ☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*


Dated: December 3, 2019        /s/J. Timothy Hinton, Jr.
                               J. Timothy Hinton, Jr.
                               Attorney for Defendant

                               ☒  ECF User(s)
                               ☐  Waiver Requested (as separate document)
                               ☒  Fed.R.Civ.P.7.1 (statement filed if necessary)*

*Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.